NOT DESIGNATED FOR PUBLICATION

Nos. 118,784
118,785

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTOFER TYLER ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed June 22, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Kristofer Tyler Allen appeals the district court's decision to revoke his probation in two cases and remand him to serve his original sentences. We granted Allen's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded and asked this court to affirm the district court's decision to revoke probation and summarily dispose of Allen's sentencing appeal. After review, we affirm the district court.

Allen pled guilty to offenses in two cases. In 15 CR 672 he pled guilty to possession of methamphetamine, a drug severity level 5 felony. The district court

1

sentenced Allen to an underlying sentence of 11 months in prison and granted probation with community corrections for 18 months, subject to mandatory drug treatment under Senate Bill 123. In 16 CR 672, Allen pled guilty to possession of methamphetamine and criminal possession of a firearm. The district court sentenced Allen to an underlying term of 30 months' imprisonment and placed him on 18 months' probation, again subject to mandatory drug treatment under Senate Bill 123. The district court also placed Allen on 12 months of postrelease supervision.

Subsequently, the State filed three motions to revoke probation between November 2016 and November 2017. At each hearing, Allen stipulated to violating the terms of his probation. At the first hearing, the district court ordered Allen to serve a prison sanction of 120 days. At the second hearing, the district court ordered a 180-day prison sanction. Moreover, the district court also warned Allen that he had "exhausted all the graduated sanctions at this point." Prior to these sanctions, Allen's supervising probation officer had ordered him to serve a "quick dip" two-day intermediate sanction. At the final hearing on November 7, 2017, the district court revoked Allen's probation and ordered him to serve his original sentences, imposed to run consecutively, of 41 months in prison.

On appeal, Allen argues the district court abused its discretion by revoking his probation and remanding him to serve his original prison sentences. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Allen bears the burden to show an abuse of

2

discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716 requires that the district court impose intermediate sanctions before revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Under K.S.A. 2017 Supp. 22-3716(c), a district court may not revoke a defendant's probation and require him or her to serve the underlying prison sentence for a first violation, with certain exceptions. Rather, this statute mandates a district court to impose intermediate sanctions entailing a limited period of incarceration coupled with reinstatement of probation. The intermediate sanctions include a two-day or three-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may, among other actions, revoke probation and remand a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Here, the district court had discretion to revoke Allen's probation in both cases and remand him to serve his original prison sentences. Allen had stipulated to violating the terms of his probation and previously received the required intermediate sanctions—a three-day jail sanction and both 120-day and 180-day prison sanctions—as required by K.S.A. 2017 Supp. 22-3716(c)(1)(D). Allen fails to show that *no* reasonable person would have taken the view of the district court. Therefore, the district court did not abuse its discretion in revoking Allen's probation and remanding him to serve his original sentences, imposed to run consecutive to each other.

Affirmed.

3